# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | CHARLES P. KOCORAS | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3110 | **DATE** | May 18, 2011 |
| **CASE TITLE** | Ernest L Brown (#M-19812) vs. Will County Adult Detention Facility, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* (Doc [3]) is granted. The court orders the trust fund officer at the plaintiff's place of incarceration to deduct $10.41 from the plaintiff's account for payment to the clerk of court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk is directed to send a copy of this order to the trust fund officer at the Western Illinois Correctional Center. However, summonses shall not issue at this time. The court dismisses the complaint on file without prejudice. The plaintiff is granted thirty days in which to submit an amended complaint (plus a judge's copy and service copy) naming a supervisory official in a position to identify the John and Jane Doe defendants. Failure to submit an amended complaint within thirty days of the date of this order will result in summary dismissal of this case. The clerk is directed to provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. The plaintiff is reminded that he is required to provide the court with the original plus a judge's copy of every document filed.

■ [**For further details see text below.**]          **Docketing to mail notices.**

## STATEMENT

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, health care providers at the Will County Jail, violated the plaintiff's constitutional rights by acting with deliberate indifference to his serious medical needs. More specifically, the plaintiff alleges that he was denied needed treatment for his injured hand, wrist and face for over a month, which caused unnecessary pain and permanent injury.

The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $10.41. The trust fund officer at the plaintiff's place of incarceration is directed to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is authorized and ordered to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. The inmate trust account office shall notify transferee authorities of any outstanding balance in the event of the plaintiff's transfer to another correctional facility.
**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

However, the plaintiff must submit an amended complaint, as he has not named a proper defendant. The Will County Adult Detention Facility is not, itself, a suable entity. *See, e.g., Castillo v. Cook County Department Mail Room*, 990 F.2d 304 (7th Cir. 1993). All of the individual health care providers are identified only as "John Doe" or "Jane Doe." The plaintiff cannot obtain damages from the defendants unless he serves them (or obtains waivers of service) in accordance with Fed. R. Civ. P. 4, which he cannot do without knowing their names. To allow the plaintiff leave to proceed on the complaint as it now stands would therefore get him nowhere.

In this circuit, the courts recognize a useful fiction to permit *pro se* litigants an opportunity to discover the identities of those who were personally involved in the alleged actions underlying their complaint. When a plaintiff does not know the names of the persons who actually injured him, the law permits the court, at the pleading stage, to make an inference of responsibility on the part of the defendants' immediate supervisor. *See Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981); *see also Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 789-90 (7th Cir. 1995); *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996). Consequently, if the plaintiff wishes to pursue his claims, he should amend the complaint to add as defendant a supervisory official or administrator who is in a position to identify the John and Jane Doe defendants, such as the Will County Sheriff or the executive director of the jail.

Once the plaintiff has obtained service on the supervisor, and an attorney has entered an appearance on the supervisor's behalf, the plaintiff may send defense counsel interrogatories (that is, a list of questions) eliciting information regarding the identity of the defendants who allegedly violated the plaintiff's constitutional rights. *See* Fed. R. Civ. P. 33. After the plaintiff learns the defendants' identities, he may again ask leave to amend the complaint to substitute their names for those of the John and Jane Does. Summonses will then issue for service on the defendants in interest and the supervisory defendant will be dismissed. The plaintiff is advised that there is a two-year statute of limitations for civil rights actions; he should therefore attempt to identify the John and Jane Does as soon as possible. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *see also Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cr. 1980).

For the foregoing reasons, the plaintiff's motion for leave to proceed *in forma pauperis* is granted but the complaint on file is dismissed, without prejudice. The plaintiff is granted thirty days in which to submit an amended complaint adding as a defendant a supervisory official whom the plaintiff can serve and who can assist the plaintiff in identifying the John and Jane Doe defendants by name. The plaintiff must complete the amended complaint on the forms required by Local Rule 81.1 (N.D. Ill.) and provide the clerk with the original and two copies. The clerk will provide the plaintiff an amended civil rights complaint form and instructions along with a copy of this order. Failure to comply within thirty days will result in summary dismissal of this case.

**The plaintiff is reminded that he is required to provide the court with the original plus a judge's copy of every document filed**.

Dated: May 18, 2011

*/s/ Charles P. Kocoras*
**CHARLES P. KOCORAS**
**U.S. District Court Judge**