Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | CHARLES P. KOCORAS | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3110 | **DATE** | June 23, 2011 |
| **CASE TITLE** | Ernest L Brown (#M-19812) vs. Will County Adult Detention Facility, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff may proceed on his amended complaint. Order cause reinstated. The clerk is directed to: (1) file the amended complaint; (2) add Barbara Miller as a defendant; (3) terminate the Will County Adult Detention Facility and all John and Jane Doe defendants pursuant to the amended complaint, Fed. R. Civ. P. 15(a), and 28 U.S.C. § 191A; (4) issue summons for service on defendant Miller by the U.S. Marshal; and (4) send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. The plaintiff's motion for appointment of counsel (Doc [5]) is denied. The plaintiff is once again reminded that he is required to provide the court with the original plus a judge's copy of every document filed.

■ [For further details see text below.]          **Docketing to mail notices.**

## STATEMENT

     The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that health care providers at the Will County Jail violated the plaintiff's constitutional rights by acting with deliberate indifference to his serious medical needs. More specifically, the plaintiff alleges that he was denied needed treatment for his injured hand, wrist and face for over a month, which caused unnecessary pain and permanent injury.

     As directed, the plaintiff has submitted an amended complaint naming a supervisory official in a position to identify the John and Jane Doe defendants. *See* Minute Order of May 31, 2011.

     The clerk, as directed, shall issue summons forthwith for service on the Will County Jail's health care unit administrator, Barbara Miller. The United States Marshals Service is appointed to serve Miller. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve Miller with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendant. If Miller can no longer be found at the work address provided by the plaintiff, the Will County Department of Corrections shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall

**(CONTINUED)**

        mjm

| STATEMENT (continued) |
|---|

be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Miller in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

However, as the court previously advised the plaintiff, the Will County Adult Detention Facility is not, itself, a suable entity. *See, e.g., Castillo v. Cook County Dep't Mail Room*, 990 F.2d 304 (7th Cir. 1993). Accordingly, the plaintiff may proceed only against Miller.

The plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. **The plaintiff is once again reminded that he must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed.** In addition, the plaintiff must send an exact copy of any court filing to the defendant [or to defense counsel, once an attorney has entered an appearance on the defendant's behalf]. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the plaintiff.

Once the plaintiff has obtained service on Miller, and an attorney has entered an appearance for Miller, the plaintiff may send defense counsel interrogatories (that is, a list of questions) eliciting information regarding the identity of the defendants who allegedly violated the plaintiff's constitutional rights. *See* Fed. R. Civ. P. 33. After the plaintiff learns the defendants' identities, he may again ask leave to amend the complaint to substitute their names for those of the John and Jane Does. Summonses will then issue for service on the defendants in interest and Miller will be dismissed. The plaintiff is advised that there is a two-year statute of limitations for civil rights actions; he should therefore attempt to identify the John and Jane Does as soon as possible. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *see also Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cr. 1980).

Finally, the plaintiff's motion for appointment of counsel is denied. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to request counsel for an indigent litigant. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Johnson*, 433 F.3d at 1006. When a *pro se* litigant submits a request for appointment of counsel, the court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own, or conversely, if he has been precluded from doing so. *Pruitt*, 503 F.3d at 654. Next, the court must evaluate the complexity of the case and whether the plaintiff appears competent to litigate it on his own. *Id.* at 654-55. Another consideration is whether the assistance of counsel would provide a substantial benefit to the court or the parties, potentially affecting the outcome of the case. *Id.* at 654; *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004); *see also* Local Rule 83.36(c) (N.D. Ill.) (listing the factors to be taken into account in determining whether to appoint counsel).

**(CONTINUED)**

| STATEMENT (continued) |
|---|

After considering the above factors, the court concludes that appointment of counsel is not warranted in this case. First, the plaintiff has failed to show either that he has made reasonable efforts to retain private counsel or that he has been effectively precluded from making such efforts. In any event, although the complaint sets forth cognizable claims, the plaintiff has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Neither the legal issues raised in the complaint nor the evidence that might support the plaintiff's claims are so complex or intricate that a trained attorney is necessary. The plaintiff, whose submissions to date have been coherent and articulate, appears more than capable of presenting his case. It should additionally be noted that the court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, the plaintiff's motion for appointment of counsel is denied at this time. Should the case proceed to a point that assistance of counsel is appropriate, the court may revisit this request.